Molmen *v.* Commonwealth.

Argued May 9, 1973, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Edward Unterberger,* with him *Gold, Bowman & Korman,* for appellant.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, June 1, 1973:

This is an appeal from the dismissal of preliminary objections in an eminent domain case.

Appellant, Eva Molmen, is the owner of a bar and restaurant situate at the northwest corner of Delaware Avenue and Arch Street, known as 100 and 102 North Delaware Avenue, in the City of Philadelphia. The Commonwealth's Department of Transportation has condemned the appellant's entire property for the right-of-way of Legislative Route 1000, known as the Delaware Expressway, including six feet to be used for roadbed, 33 feet for an embankment supporting the elevated road, 15 feet for a maintenance strip, and a

balance of ten or eleven feet not actually needed by the Commonwealth.[1] Mrs. Molmen's preliminary objections to the declaration of taking alleged that the plan filed by the Department failed to show any necessity for condemning the whole property, and that the only portion of her property necessary to be taken is a small piece in the rear of her building, the loss of which would not put her out of business. Depositions were taken[2] and thereafter the court below overruled Mrs. Molmen's preliminary objections.

The appellant contends that the Department is shown to have abused its discretion because the construction of the highway could be established by the construction of a retaining wall instead of the embankment planned by the Department.

Our duty in the review of a condemnor's actions in the appropriation of property is described in *Washington Park, Inc. Appeal,* 425 Pa. 349, 229 A. 2d 1 (1967), as follows: "The Secretary of the Department of Highways has condemned the land in question under the statutory authorization contained in the Act of June 1, 1945, P. L. 1242, §210, 36 P.S. §670-210. We have no power to substitute our discretion for his, nor to correct mistaken judgments. Furthermore, it is presumed that the highway department's officials have performed their duties in good faith; the burden upon the appellant to prove the contrary, that the officials acted in a capricious, or fraudulent manner, or that their actions were based upon private motives inconsistent with the

---

[1] At argument the appellant's counsel agreed that this remaining 10 or 11 feet would be of no use to his client and should be appropriated if the remainder is decided to have been lawfully taken.

[2] The appellant's contention that the lower court's order for depositions limited the issue of the case to the question of the physical possibility of building the road without taking more than six feet of her property is wholly without merit.

public welfare, is a heavy one. [Cases omitted.]" 425 Pa. at 353, 229 A. 2d at 3. This means, in the context of this case, that neither the landowner nor we may plan the Commonwealth's highways.

Two civil engineers testified at the deposition, one for each party. Both agreed that six feet of Mrs. Molmen's property would be required for the roadbed and that 30 to 33 feet would be needed for the slope of an embankment, if an embankment were to be constructed. They disagreed, however, as to whether a retaining wall placed at the edge of the roadbed could be feasibly substituted for the embankment planned by the Department. The Department's expert cogently asserted that such a wall would not only be costly,[3] but impractical because retaining walls were not planned for any of the other properties abutting the proposed Expressway. He also testified that the 15 feet wide maintenance strip planned for the entire length of the Expressway was necessary in order to maintain the grass slopes of the embankment.

There is no hint in the evidence of fraud, caprice or improper motive on the part of the Department, and, indeed, the appellant has not alleged such. What the record does reveal is a simple difference of opinion between condemnor's and Mrs. Molmen's experts regarding the feasibility of substituting a retaining wall for an embankment. The record far from demonstrating abuse of discretion by the Department contains persuasive engineering support for the plan adopted.

In *Winger v. Aires,* 371 Pa. 242, 89 A. 2d 521 (1952), cited in appellant's brief, a school board condemned a 55-acre farm in order to erect a school building which could have been accommodated on 10 acres, with no

---

[3] The cost of a retaining wall was estimated at $75,000 and the estimate of just compensation for the appellant's property was $32,735.

definite plan for any public use of the balance of 45 acres taken. Here, quite dissimilarly, all of the condemned property save a useless strip was clearly to be used for highway purposes.

Affirmed.